**Opinion filed December 8, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00053-CR

_____

## ROBERT WAYNE MCGAUGH, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**
**Erath County, Texas**
**Trial Court Cause No. 15316**

## M E M O R A N D U M   O P I N I O N

Appellant, Robert Wayne McGaugh, appeals his convictions for three counts of sexual assault of a child, all second-degree felonies. *See* TEX. PENAL CODE § 22.011(a)(2)(A), (c)(1), (f) (West Supp. 2022). Appellant filed a motion to suppress, alleging that evidence was discovered on his cell phone in violation of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights. Following a hearing, the trial court denied Appellant's motion and allowed the State to present the disputed

evidence during trial, over Appellant's objections. In his sole issue on appeal, Appellant claims that the trial court erred in denying Appellant's motion to suppress because Appellant did not voluntarily consent to the search and seizure of his cell phone and because he was coerced into sharing the passcode to unlock his cell phone. We affirm.

*Factual and Procedural History*

On the evening of April 4, 2019, "Jane OJB"[1] was discovered in a hotel room in Stephenville, Texas, with Appellant. Jane was sixteen years old at the time, and Appellant was forty-eight years old. Appellant admitted to officers that he met Jane on a dating website and that they had communicated electronically since that time. Jane confirmed that she and Appellant met on a dating website approximately one year prior to April 4, 2019, and that she and Appellant had exchanged nude photographs of themselves. Jane further shared with officers that she and Appellant had had sexual intercourse at least two times during that time period, though both deny that there was any sexual activity on April 4, 2019.

Appellant voluntarily accompanied officers to the Stephenville Police Department on April 4, 2019. Appellant was not under arrest but was read his *Miranda*[2] warnings and agreed to speak with officers. Appellant spoke with Stephenville Police Sergeant Jeremy Lanier. After about twenty minutes, Appellant told Sergeant Lanier that he was tired and asked what would happen if he stopped the conversation and continued at another time. Sergeant Lanier told Appellant that he could stop the interview, but informed Appellant that his cell phone was staying with the officers, "either way." Sergeant Lanier told Appellant he would be able to

---

[1]This pseudonym was used in the indictment and during the proceedings below to protect the minor child's identity.

[2]*Miranda v. Arizona*, 384 U.S. 436 (1966).

download the contents of his cell phone immediately, and asked Appellant for the passcode to his cell phone. Sergeant Lanier also told Appellant that if he did not share the passcode, the cell phone would have to be sent off and could possibly be taken apart and destroyed while retrieving the cell phone's data. During this conversation, Sergeant Lanier informed Appellant that he had probable cause to seize Appellant's cell phone that evening. Sergeant Lanier told Appellant that the probable cause consisted of admissions that he and Jane had met on an adult dating website, that they had communicated on the cell phone and discussed sex, and that Jane admitted the two of them previously had had sex. After confirming that he would be allowed to leave that night, Appellant shared his cell phone passcode with Sergeant Lanier.

The next day, April 5, 2019, Appellant was arrested pursuant to an arrest warrant, and he was later interviewed by Stephenville Police Detective Kevin Fincher. Prior to beginning the formal interview, Detective Fincher read Appellant his *Miranda* rights, which Appellant waived. During the interview, Appellant told Detective Fincher that he had "no reason to lie" and that Detective Fincher should "go check [his] phone." Appellant also told Detective Fincher that there were "lots of pictures of [Jane]" on his cell phone, and he shared the phone's passcode when asked by Detective Fincher.

During the hearing on the motion to suppress, Appellant argued that he had been coerced into disclosing the passcode to his cell phone and that, without the passcode, the evidence from Appellant's cell phone would have been unavailable. Sergeant Lanier and Detective Fincher both denied the use of threats or coercion, and testified that no forensic analysis was performed on Appellant's cell phone until a search warrant had been issued. Appellant also testified at the hearing. He stated that he only gave officers his passcode because "they were going to destroy [his]

3

phone"[3] and because he had "given [his] passcode over the day before, so what . . . was the sense in holding it" back the second day. The trial court denied the motion to suppress and, over Appellant's renewed objection, allowed the data taken from Appellant's cell phone to be presented during trial. In his sole issue on appeal, Appellant claims that the trial court erred in denying the motion to suppress.

## Standard of Review

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010). At a hearing on a motion to suppress, the trial court is the sole trier of fact and judge of the credibility of witnesses and weight to be given to their testimony. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). Therefore, we afford almost complete deference to the trial court in determining historical facts. *Id.* However, we review de novo the application of the law of search and seizure to the facts. *Id.* When the trial court does not make explicit findings of fact, as here, "we view the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact supported by the record." *Lerma v. State*, 543 S.W.3d 184, 190 (Tex. Crim. App. 2018). We will sustain the ruling of the trial court if it is correct under any applicable theory of law. *Id.*

## Analysis

Appellant argues that he was made to be a witness against himself when he was unable to terminate an interview with officers and that he was coerced into sharing the passcode to his cell phone during the first interview with Sergeant Lanier. Appellant claims that, despite a valid search warrant issued for his cell phone,

---

[3]The State informed the trial court that without the passcode, the State would send the cell phone to the Secret Service or other forensic entity to perform a "chip off" which "may result in the destruction of the phone."

without the phone's passcode, the police would never have been able to access any data from the cell phone. However, Appellant offered no proof to the trial court that the passcode could not be forensically bypassed. Appellant claims that the trial court erred in denying his motion to suppress any evidence obtained from his cell phone and asks this court to overturn his convictions. The trial court asked Appellant whether he was challenging the basis for probable cause for the issuance of the search warrant, and Appellant responded that he was not. The search warrant commanded retrieval of Appellant's "cellular telephone" (described with particularity) and "any data, pictures videos and other similar data" thereon. This included "but [was] not limited to: pictures, call logs, videos, data, geographical data, and other electronically stored information."

Although a person may have a reasonable and legitimate expectation of privacy in the contents of his cell phone, he may lose that expectation under some circumstances, such as if he abandons his cell phone, lends it to others to use, or gives his consent to its search. *State v. Granville*, 423 S.W.3d 399, 409 (Tex. Crim. App. 2014). There is no contention that this was a *warrantless* search, which is where the bulk of litigation regarding cell phone searches has occurred. *Id.* Here Appellant appears to argue that even though a warrant was issued, he provided his passcode to officers due to representations made by law enforcement regarding a risk of possible phone damage if the cell phone's contents had to be accessed by other means. And, according to Appellant, that constituted impermissible coercion. With a search warrant, there is no requirement that the cell phone must be opened using the passcode—it would merely be a courtesy to the owner if it could be done without the attendant risk of destruction. As authorized by the warrant, law enforcement was entitled to open and obtain the cell phone's contents without Appellant's consent. Appellant provides no caselaw in support of his position that

5

he has been deprived of any constitutional right. There is no evidence in the record to suggest that what the officers told him about possible cell phone damage was untrue. All of the evidence before the trial court in the suppression hearing indicates that it was true.

Appellant argued that "without [the cell phone's] passcode there's no evidence"—and to that argument, the trial court responded that there was no "competent testimony" to support "that issue." We note that the State presented evidence obtained from sources other than the cell phone. During the hearing on the motion to suppress, the State provided video evidence of Sergeant Lanier having given Appellant a list of reasons why he had probable cause for the issuance of a warrant before Appellant turned over his cell phone to police or provided officers with his cell phone passcode. Importantly, Detective Fincher testified that the cell phone was not searched until a valid search warrant had been issued.

The police may legitimately "seize" a cell phone and hold it while they seek a search warrant. *Granville*, 423 S.W.3d at 412. The trial court, as the sole trier of fact and judge of the credibility of witnesses and the weight to be given to their testimony, could have fairly determined from the testimony that Appellant was not unconstitutionally coerced into sharing the passcode to his cell phone. Sergeant Lanier testified that he did not threaten or coerce Appellant into sharing his passcode; he merely informed Appellant that without the passcode, his cell phone might be damaged or destroyed in the process of retrieving the information that was stored thereon. Sergeant Lanier testified that he told Appellant of this possibility to be honest with him, not to coerce or threaten him. The trial court also viewed a recording of the conversation between Sergeant Lanier and Appellant.

The next day, Detective Fincher advised Appellant of his *Miranda* rights—which Appellant waived—prior to asking Appellant for the passcode to his cell

phone. Regardless of the conversations with Sergeant Lanier, Appellant does not claim that Detective Fincher coerced him into sharing the cell phone's passcode. The voluntariness of consent to a search is a question of fact to be determined from all the circumstances. *State v. Weaver*, 349 S.W.3d 521, 526 (Tex. Crim. App. 2011); *Meekins v. State*, 340 S.W.3d 454, 460 (Tex. Crim. App. 2011). There was a reasonable nexus between the crime and the cell phone, including contact with Jane by phone, discussions of sex on the cell phone, and an admission of sex. Appellant further admitted that there were "lots of pictures of [Jane]" on his cell phone. Accordingly, the trial court could have properly determined that the consent given by Appellant was "positive[,] unequivocal[,] and [without] duress or coercion, actual or implied." *Weaver*, 349 S.W.3d at 526.

Digital media collections specialists are trained to extract information stored on electronic devices, including from cell phones. *See Clark v. State*, No. 09-20-00083-CR, 2021 WL 5498115, at *2 (Tex. App.—Beaumont Nov. 24, 2021, no pet.) (mem. op., not designated for publication); *see also In re X.M.*, No. 07-19-00046-CV, 2020 WL 2203303, at *3 (Tex. App.—Amarillo May 06, 2020, no pet.) (mem. op.). Because Appellant voluntarily provided the passcode to both Officer Lanier and Detective Fincher, because a search warrant obviated the need for Appellant's consent, because law enforcement had the right and ability to open the cell phone contents anyway, and since the uncontested evidence was that no search was performed until after a valid search warrant was issued, the trial court was within its discretion to determine that Appellant's constitutional rights had not been violated. That, along with Appellant's admission that he was not challenging the probable cause for issuance of the search warrant, are enough to support the trial court's ruling on the motion to suppress. Accordingly, as determined from all the circumstances and based on our bifurcated standard of review, we find no violation

of Appellant's Fourth, Fifth, Sixth or Fourteenth Amendment rights, and we overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


W. BRUCE WILLIAMS

JUSTICE


December 8, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.